[No. 12436.  Department One.  January 25, 1915.]

A. RADBURN, *Respondent*, v. FIR TREE LUMBER COMPANY, *Appellant.*[1]

WATERS AND WATER COURSES—OBSTRUCTION—ACTION FOR DAMAGES—INSTRUCTIONS.  In an action for obstructing a stream and overflowing plaintiff's lands, damaging the crops, in which there was evidence of an abnormal rainfall at the time in question, it is error to refuse to give a requested instruction to the effect that, if the jury found that plaintiff's crops had been damaged by rain as well as by defendant's acts, the defendant would only be liable for such part of the damage as was caused by his acts.

APPEAL—REVIEW—HARMLESS ERROR—INSTRUCTIONS.  An erroneous instruction upon an issue as to the partial liability of defendant on the theory of concurrent causes of the damage, is not cured by an instruction upon his nonliability upon the theory of a sole cause for which defendant was not liable at all.

WATERS AND WATER COURSES—OBSTRUCTION—LIABILITY—UNPRECEDENTED · EVENTS—INSTRUCTIONS.  While a riparian proprietor, in backing up the waters of a stream so as to cover his own land, is not bound to anticipate unprecedented rainfalls or such as has not occurred within the memory of man, he is not entitled to an instruction to cover his nonliability in such event where the evidence tended to show that the rainfall for the month in question was greater in 1900 than in 1912, the year in question, neither of which could be said to be, as a matter of law, unprecedented or even extraordinary.

TRIAL—EXCEPTIONS—TIME OF TAKING EXCEPTIONS.  The purpose of Rem. & Bal. Code, § 339, providing that a party, at any time before the hearing of a motion for new trial, may except to the instructions or any part thereof, being to allow the court to correct error at the time of passing on a motion for a new trial, exceptions to the refusal to give instructions may be taken at the same time and in the same way.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered January 28, 1914, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Reversed.

[1]Reported in 145 Pac. 632.

*Frank C. Owings* and *Hayden, Langhorne & Metzger*, for appellant.

*Thomas M. Vance* and *Wm. W. Manier*, for respondent.

CHADWICK, J.—This action was brought by respondent to recover damages from the appellant, it being alleged that the appellant, in the prosecution of its business as a sawmill proprietor, obstructed the flow of a natural water course flowing through the lands of the respondent; that the water was backed upon and over respondent's fields, damaging his crop of growing grain and hay to the extent of $1,448. There was testimony from which the jury might conclude that appellant was responsible in some degree for the flooding of respondent's lands. It is shown that, in the month of August, 1912, there was a rainfall of 3.10 inches, which was unusual for this section of the country. Testimony was also offered and tended to show that a part, if not all, of the crop of growing grain could have been harvested, notwithstanding the flooding of the land. The case went to a jury and a verdict was returned in the sum of $656. It is not contended that there was not evidence to sustain the verdict, but errors are assigned in that the court refused to instruct the jury,

"If you find from the evidence in this case that plaintiff's crop was damaged by rain as well as by any act of the defendant, then and in that event the defendant in this case is not liable for any damages caused to the crop by rain, and you can only allow plaintiff such an amount of damage as you find, if any, was caused by the defendant."

We think this instruction should have been given. It is the law that where a cause attributable to the one charged concurs with a natural or accidental cause, and both contribute to the injury, a party charged shall not be held to answer for more than his share of the wrong or damage done. We think it will require no citation of authority to sustain this proposition.

Respondent contends that the following instruction was sufficient and is to the same purport and effect as the requested instruction:

"If you believe from the evidence in this case that during the month of August, 1912, there was an unprecedented rainfall on and in the section and vicinity of plaintiff's land and Thurston county and that it was by reason of such rainfall that plaintiff's crops and pasturage were damaged or destroyed, if you find they were damaged or destroyed, and not through any act of the defendant, then your verdict will be in favor of the defendant."

It will be seen, however, that the second instruction is based upon an entirely different theory from that maintained by the appellants upon the trial. The latter instruction seems to have been drawn upon the assumption that the defense was that the alleged unprecedented rainfall was the sole cause of the damage complained of. The defense of concurrent causes is entirely overlooked.

The court was requested to instruct the jury:

"I instruct you as a matter of law that, if you find from the evidence in this case that the defendant, when it diverted the water of the creek in question to the log pond and made the excavation for its log pond, used all reasonable care and caution to prevent the water of the stream in question from backing up onto the plaintiff's lands and doing injury to his crops; and if you further find from the evidence that after the defendant had completed his operations and had diverted the waters of the stream in question into the log pond so excavated by it; that the effect thereof was to cause only a slight backing up of the waters of said stream, which backing up of the waters did not extend beyond the lands owned by the defendant and onto the lands owned by the plaintiff; and if you further find that during ordinary rainfall there would be no backing up of the waters of said creek by reason of any of the operations of the defendant in diverting said stream onto the lands of the plaintiff; and if you further find from the evidence in this case that during the months of July, August and September, 1912, there was an unprecedented heavy downfall of rain, which, combined

with the operations of the defendant in diverting said stream and excavating said log pond caused the waters of said stream to back up onto the lands of the plaintiff, still the defendant would not be liable for any damages as it could not be held to have foreseen such an event."

There was no error in refusing to give this instruction. A riparian proprietor has a right to dam a stream flowing by his premises. He may back the water within his own boundary and is not bound to anticipate unprecedented storms or rainfalls. He is bound to contemplate the possibility of interference by natural agencies of an ordinary character (8 Am. & Eng. Ency. Law [2d ed.] 574), but the law does not put upon men who are engaged in the prosecution of rightful enterprises the duty of anticipating that which is unprecedented or which has not occurred within the memory of man. But the instruction cannot be sustained by reference to any issuable fact. While it is true that appellants allege, by way of answer, that the whole of southwestern Washington had been visited by an unprecedented rainstorm in the month of August, 1912, it introduced the government records running over a period of thirteen years, which show that in August, 1900, there was an even greater rainfall than in the year 1912. The government records back of the year 1899 are not shown. We cannot say, as a matter of law, that the rainfall either in 1900 or 1912, was unprecedented or even extraordinary, nor could a jury predicate a verdict upon the evidence that it was so.

We have not overlooked the contention of counsel that exceptions were not properly taken to the refusal of the court to give requested instructions. Counsel rely upon the last paragraph of Rem. & Bal. Code, § 339 (P. C. 81 § 587) :

"Either party, at any time before the hearing of a motion for a new trial may except to the instructions given by the court, or any part thereof."

This was inserted as a new enactment in subd. 4 of § 1, ch. 86, Laws 1909, page 184. It is insisted that the act in terms

refers only to exceptions to instructions given by the court and that exceptions to instructions requested and refused must be taken under the practice prevailing prior to the enactment of the law of 1909. Laws 1903, ch. 81, p. 119; Code of 1881, § 221. Under the old practice, the purpose of taking exceptions to the instructions of the court was to give an opportunity to correct error. Accordingly, exceptions were taken after the jury had retired and before the verdict was returned. Under the last enactment, exceptions may be taken at any time before the motion for a new trial is heard. The theory upon which exceptions were taken prior to the return of the verdict cannot apply to exceptions to instructions requested and refused, because the court has had its attention called to the requested instructions before the jury is instructed and has had an opportunity to decide whether they state the law and should be given as requested, or in a modified form. There is no rule of practice and no reason for a rule of practice, that would require an exception to an instruction requested and refused to be taken under the practice prevailing prior to the law of 1909, for neither under the original practice act, Code of 1881, § 221; nor in the two amendatory acts is there anything that suggests the manner of taking exception to the refusal to give requested instructions. Therefore, for the sake of orderly practice if for no other reason, it should be held that the purpose and spirit of the last act, 1909, being to give the court an opportunity to correct error at the time he passes upon the motion for a new trial (*Coffey v. Seattle Elec. Co.*, 59 Wash. 686, 109 Pac. 202), all exceptions, whether to instructions given or to instructions refused, should be taken in the same way and considered at the same time by the trial court.

For the error assigned, the case is reversed, and remanded for a new trial.

MORRIS, C. J., PARKER, MOUNT, and HOLCOMB, JJ., concur.