UNITED STATES *v.* COSTEN.

*(Circuit Court, D. Colorado.   January 14, 1889.)*

ATTORNEY AND CLIENT—DISBARMENT—BREACH OF TRUST.

An attorney who, after having been employed by one party to a litigation, and having ceased to be thus employed, seeks employment by the adverse party, offering to impart to the latter important information, is guilty of such a breach of trust as requires his disbarment.[1]

Proceeding for Disbarment.
*Hugh Butler* and respondent *pro se.*

BREWER, J., (*orally.*)   This is a proceeding to disbar.   The facts are these:   The respondent was counsel for the complainant in certain litigation in this court.   After acting as counsel for complainant awhile, he ceased to be thus employed, possibly by reason of a transfer of the interests on that side; and after he had ceased to act as counsel he proposes to the other side employment by it, and advises its counsel that he is in possession of facts of great importance to that side; he desires employment, but that the fact be concealed.   Plainly, from the letters which he wrote, as plainly as language can express, he says to the other side: "I have have acquired knowledge during my employment of facts of great importance.   I am no longer employed by the complainant.   I want to be employed by you, and I will put you in possession of these facts, though I do not want to be known as under your employment."   The letters, whose writing is admitted, are attached to the charges presented by the committee.   Now, it is the glory of our profession that its fidelity to its client can be depended on; that a man may safely go to a lawyer and converse with him upon his rights or supposed rights in any litigation with the absolute assurance that that lawyer's tongue is tied from ever disclosing it; and any lawyer who proves false to such an obligation, and betrays or seeks to betray any information or any facts that he has attained while employed on the one side, is guilty of the grossest breach of trust.   I can tolerate a great many things that a lawyer may do,—things that in and of themselves may perhaps be criticised or condemned when done in obedience to the interest or supposed interest of his own client, and when he is seeking simply to protect and uphold those interests.   If he goes beyond, perhaps, the limits of propriety, I can tolerate and pass that by; but I cannot tolerate for a moment, neither can the profession, neither can the community, any disloyalty on the part of a lawyer to his client.   In all things he must be true to that trust, or, failing it, he must leave the profession.   The motion for disbarment will be allowed.

[1] Respecting grounds for the disbarment of attorneys at law, see State v. Burr, (Neb.) 28 N. W. Rep. 261, and note: In re Stephens, (Cal.) 19 Pac. Rep. 646.