*Reversed and remanded.*

Adopted February 10, 1891.

---

### Ed. Krall et al. v. Campbell Printing Press and Manufacturing Company.

#### No. 2918.

1. **Proceedings to Correct or Set Aside Judgment.**—Judgment was rendered for amount sued for in favor of plaintiff and against defendants and their sureties upon a replevy bond executed to replevy property seized by sequestration. The original replevy bond had been lost and the papers inaccurately substituted, the amount being greater and one of the sureties omitted. Execution issued and levied upon property of one of the sureties. He sought by injunction to restrain the sale of his property. The original bond was found. The plaintiff then by motion sought to correct the judgment or to set it aside and place the cause again upon the docket for trial. The sureties resisted the motion and insisted that the equities between the parties should be settled in the injunction suit, and that Cole Bros., holding a landlord's lien, and Hull a junior mortgagee, should be brought into the suit. *Held:*

1. It was not incumbent upon the plaintiff (who was defendant in the injunction suit) to call into the injunction suit all the parties necessary to an adjudication of all rights existing between them and the defendants (in original suit) and their sureties on the replevin bond.

2. Whatever action was to be taken to correct the judgment entered through mistake was proper in the motion to correct or set aside, etc.

3. The court properly set aside the judgment upon the defective bond and rendered the statutory judgment upon the original as it should have been upon the first trial.

2. **Conditions of Replevy Bonds in Sequestration Cases.**—The statute regulating replevy bonds in sequestration cases seems to contemplate that the negative condition or conditions in the bond shall be only that the defendant will not do the particular act which the affidavit of the plaintiff fears the defendant will do.

3. **Same.**—In the affidavit plaintiff alleged fear that the defendant would injure the property. The sequestration bond is conditioned that defendants will not do this, and further that they will not remove the property from the county. · Such bond would be more onerous than required by the statute but for the provisions in articles 4502-4504, Revised Statutes, by which parties may relieve themselves from liability by returning the property uninjured to the sheriff within ten days after the rendition of the judgment. This release would equally apply to both conditions in the bond.

4. **Property in Custody of Law.** — A levy of a sequestration is only for safe keeping of the property, and while it is in the possession of the officer it is in *custodia legis*, but when replevied it is subject to seizure under any other valid writ. Such second seizure would not divest any rights of the plaintiff in the first seizure seeking to enforce a mortgage upon the property.

5. **Sureties on Replevy Bond.**—In absence of any law providing that the sureties may return the property to the sheriff, or of some contract between the principal and the sureties securing such right, it is not seen how the sureties can claim the right to restore the property.

6. **Subrogation.**—If the creditor have a lien on the property seized and replevied, the sureties, on payment of the debt, to the extent of the value of the property would

be entitled to be subrogated to the creditor's rights, and might have the property sold under process for their reimbursement. The second seizure would not avoid or postpone the lien of the creditor.

7. **Delivery of Property Replevied to Sheriff.**—The fact that the sheriff has possession of personal property replevied and subsequently seized under a second writ furnishes no reason why the sheriff should not receive it, if it be in proper condition and he be required by the principals on the bond to do so in proper time. Thus would the sureties be relieved.

APPEAL from Brazos. Tried below before Hon. John N. Henderson.

On February 14, 1889, appellee, plaintiff below, filed this suit in the District Court of Brazos County, Texas, against Ed. Krall, Frank Stasney, William Franklin, and V. C. Marek, to foreclose a chattel mortgage on a printing press and attachments described in the pleadings and mortgage. This mortgage was dated April 1, and was recorded April 21, 1887.

On May 10, 1889, plaintiff sued out a writ of sequestration on the ground that he feared defendants would injure the mortgaged property.

May 20, 1889, defendants Frankel, Stasney, and Marek replevied the property, the appellants Grace, Franklin, Wittman, Morse, Kernole, and W. J. Dansby being the sureties on the replevy bond. This bond was for $1360, the property having been valued by the sheriff at $676.25. On the trial of the case, upon affidavit of the plaintiff that the sequestration bond, writ of sequestration with return of sheriff thereon, and replevy bond had been lost, plaintiff was allowed to substitute these papers and attempted to do so. In the substituted return, however, the value of the property was placed at $716 and the replevy bond was fixed at $1434, and the name of one of the sureties, T. H. Franklin, was left out.

On October 9, 1889, a judgment was rendered against the defendants, and a statutory judgment upon the substituted papers against the sureties Kernole, Dansby, Morse, Wittman, and Grace for $716.

No order of sale was issued upon this judgment, but an execution was issued and levied upon the property of H. Kernole, one of the sureties on the replevy bond. This judgment had been assigned by plaintiff to J. P. Burrough, and sale under this execution was enjoined at the suit of H. Kernole against plaintiff and J. P. Burrough in the District Court of Brazos County, Texas. The papers thought to have been lost and attempted to be substituted having been found, on August 25, 1890, plaintiff filed a motion to amend the judgment rendered October 9, 1889, or to vacate said judgment, reinstate the case upon the docket, and that a new judgment be rendered.

This motion was resisted by appellants who were sureties on the replevy bond by exceptions and answer to the motion. The court refused to permit the judgment rendered October 9, 1889, to be amended, but vacated and annulled said judgment and reinstated the case on the docket for trial, to which appellants excepted.

Appellants then filed a motion to require plaintiff to make Cole Brothers and E. H. Hull parties before further proceeding with the trial of the case, for reasons stated in motion.

Plaintiffs excepted to this motion, their exception was sustained, and the motion refused and stricken out.

Appellants then filed a motion to continue the cause so as to enable them to make Cole Brothers and Hull parties to the suit. This, upon exception of plaintiff, was also refused and stricken out.

Appellants then filed a motion to quash the replevy bond, which was refused.

Appellants filed original answer and trial amendment. * * * These answers were, upon exceptions of plaintiff, stricken out. The case was tried without a jury and resulted in a judgment in favor of plaintiff for the use and benefit of J. P. Burrough against the defendants Krall, Stasney, and Frankel for $622.07 and foreclosure of the mortgage, and against the sureties on the replevy bond for the sum of $676.25, the value of the mortgaged and replevied property, conditioned upon their failure to return the property within the time required by law.

To this judgment appellants excepted and gave notice of appeal.

Other facts are in the opinion.

*Boone & Brigance,* for appellants.— 1. The court should have refused the motion to vacate the judgment rendered October 9, 1889, and should have required the plaintiff in this case, who was defendant in the injunction suit brought by Kernole, to have interpleaded all the parties in the latter suit. Rev. Stats., arts. 1354, 1355.

2. The court erred in overruling defendants' motion to quash the replevy bond. Rev. Stats., arts. 4499, 4501, 4502; Haile v. Oliver, 52 Texas, 443; Janes v. Reynolds, 2 Texas, 250; Hanks v. Horton, 5 Texas, 105; Johnson v. Erskine, 9 Texas, 1; Wooters v. Smith, 56 Texas, 198.

3. The court erred in refusing to grant defendants' motion to require plaintiff to make Cole Brothers and E. H. Hull parties to the suit before further proceeding therewith, and in refusing to grant defendants' motion to permit these defendants to make Cole Brothers and E. H. Hull parties to the suit. Hall v. Hall, 11 Texas, 547; Ship Channel Co. v. Bruley, 45 Texas, 6; De la Vega v. League, 64 Texas, 208; Peticolas v. Carpenter, 53 Texas, 27; Templeman v. Gresham, 61 Texas, 50.

4. (1) The lien in favor of plaintiff must arise and exist from his mortgage and not from the sequestration, which is merely a judicial deposit.

(2) The replevy bond, which is merely a forthcoming bond, does not discharge the lien of the mortgage.

(3) The office of the writ of sequestration is to hold the property so as to have it forthcoming to abide the decision of the court in which the

writ issues, and during the pendency of the suit the property is in cus-
tody of the law, whether replevied by defendants or plaintiffs, just the
same as if not replevied by either.

(4)   Property in *custodia legis* is not subject to a forced sale inconsist-
ent with the rights of the parties in the subject matter secured by such
custody to them.

These minor propositions are all embraced in and grow out of our final
proposition, which is that the court erred in sustaining exceptions to and
striking out our trial amendment answer, and particularly in his ruling
that "on the execution of the replevin bond, the property sequestrated
was no longer in *custodia legis*." Fowler v. Stonum, 6 Texas, 72; O'Brien
v. Hilburn, 22 Texas, 617; Coats v. Elliott, 23 Texas, 606; Peiser v. Peti-
colas, 50 Texas, 638; Henderson v. Ownby, 56 Texas, 647.

*A. C. Brietz* and *Taliaferro & Butler*, for appellee.— 1.   The judg-
ment rendered on October 9, 1889, against the sureties on the replevy
bond being for an amount greater than the value of the property as stated
in the bond, and the name of one of the sureties being omitted, the proper
remedy was to vacate and set aside the same and reinstate the case for
trial upon the original papers.   Hamblen v. Knight, 60 Texas, 36; Freem.
on Judg., secs. 90, 96, 97; Capen v. Inhabitants, 16 Gray, 365; 12 Am.
and Eng. Encyc. of Law, pp. 127–129.

There was no error in the court overruling defendants' motion to quash
the replevy bond.·   It was conditional that the defendants would not in-
jure the property, the grounds upon which the writ was sued out; the
other conditions will be treated as surplusage.   Johnson v. Erskine, 9
Texas, 1.

2.   The court did not err in sustaining plaintiff's exceptions to defend-
ants' answer and trial amendment thereto.   Same set up no valid reason
why plaintiff should not have judgment against said sureties as provided
by law, because:

(1)   By the execution of the replevy bond the property is released from
the mortgage lien.

(2)   The replevy bond is not a forthcoming bond, but is for the pay-
ment of a sum of money.   The right to return the property in satisfac-
tion of a moneyed judgment does not change the nature of the bond.

(3)   Property replevied is no longer in *custodia legis,* but is released to
the defendants free from the custody of the law and from the mortgage
lien, unless the defendants and sureties exercise their privilege of return-
ing it in satisfaction of the judgment.   The replevy bond takes the place
of the property and furnishes the plaintiff personal in the place and stead
of property security.

(4)   After the execution of the bond the property becomes liable for the

debts of Hull and Cole, and their liens will have priority over plaintiff; and if the sureties fail to protect the property so that they can return it, it is their misfortune.

(5)   By going on the replevy bond sureties deprive the plaintiff of the right to have the property cared for by the officers of the law and voluntarily assume that duty themselves, and if they neglect to do so and the property is subjected to other debts they can not avoid liability on their contract.   Rev. Stats., arts. 4494, 4501; Frieberg, Klein & Co. v. Elliott & Wright, 64 Texas, 367; Carothers v. Wilkerson, 2 Ct. App. C. C., sec. 355; Woglam v. Cowperthwaite, 2 Dall., 68; Frey v. Leeper, 2 Dall., 131; Brown v. Clark, 4 How., 4–13; Waterman v. Treat, 77 Am. Dec., 261; Weston v. Dorr, 43 Am. Dec., 259; Gilmore v. Williams, 76 Am. Dec., 219; Gordon v. Suc. of Diggs, 9 La. Ann., 422; Clopp v. Seibrecht, 11 La. Ann., 528.

STAYTON, Chief Justice.—Appellee brought suit against Krall, Stasney, Frankel, and Marek to recover a sum of money claimed to be due and to foreclose a chattel mortgage on personal property given to secure it.

Subsequently appellee sued out a writ of sequestration on the ground that it feared defendants would injure the mortgaged property, and under the writ the property was seized.

Frankel, Stasney, and Marek replevied the property, appellants Grace, Frankel, Wittman, Morse, Kernole, and Dansby becoming their sureties. The bond given by them was for $1360—double the value of the property as assessed by the sheriff.

The sequestration bond, writ of sequestration, return of the sheriff thereon, and replevy bond were lost at the time of the trial, and plaintiff was allowed to substitute them, but in doing so the replevy bond was fixed at $1434, and the name of the surety Frankel was left off.

On October 9, 1889, a judgment was rendered in favor of the plaintiff against the defendants, and the statutory judgment on the substituted papers was also rendered against the sureties, other than Frankel, for $716.

No order of sale issued under the judgment, but an execution issued under which a levy was made on property of the surety Kernole, but he sued out an injunction to prevent the sale, in which he sought to vacate the judgment of October 9, 1889.

The lost papers having been found, on August 9, 1890, plaintiff instituted proceedings to amend the judgment, or to vacate it and to reinstate the case on the docket for trial; but this was resisted by the sureties on the replevy bond, mainly on the ground that the rights of the parties should be adjusted in the suit pending, in which Kernole was plaintiff and appellee defendant.

The court refused to amend the judgment, but vacated it and reinstated the case on the docket.

The sureties on the replevin bond then answered, and asked the court to require plaintiff to make Cole Brothers and E. H. Hull parties to the suit, or to continue the cause for the purpose of enabling them to do so.

The reasons for making Cole Brothers and Hull parties, as alleged in the answer, are thus stated in brief of their counsel: "That Cole Brothers claimed a landlord's lien on the property upon which plaintiff sought to foreclose its mortgage and which it had sequestrated, and which had been replevied by defendants, appellants being the sureties on their replevy bond, which lien in favor of Cole Brothers was in existence as a valid subsisting lien when plaintiff's suit was filed, but was junior and subordinate to the lien of the mortgage declared upon by plaintiff. That Cole Brothers had brought suit in the County Court of Brazos County to enforce and foreclose their landlord's lien on said property. That E. H. Hull also held a mortgage on the said property which was junior and subordinate to the mortgage declared upon by plaintiff. That the Hull mortgage was not in existence when plaintiff's suit was filed, but was in existence when the sequestration was sued out. That after plaintiff had sued out the sequestration, and after the property had been replevied by defendants, Hull brought suit in the County Court of Brazos County to foreclose his mortgage, sued out a writ of sequestration, and had it levied upon the said property. That said property, though it had been replevied by defendants from the writ of sequestration sued out by plaintiff in this case, was still in *custodia legis* by virtue of its seizure under plaintiff's writ of sequestration, and was not subject to seizure by the writ of sequestration sued out by Hull in the County Court. That said property was in existence in the hands of the sheriff of Brazos County, subject to the control and jurisdiction of the District Court of said county, was of value sufficient to pay plaintiff's debt, was uninjured, and that appellants, as sureties on the replevy bond, desired to return it or have it returned to the said sheriff to satisfy the judgment that might be rendered in this case, but that said sheriff would not receive it, because he then held it by virtue of the writ of sequestration in the Hull case.

"That there was a combination between the plaintiff in this case and the defendants Stasney, Marek, and Frankel and Cole Brothers and E. H. Hull and their attorneys of record to subject said mortgaged property to said junior liens of Cole Brothers and Hull, and to deprive the sureties on the replevy bond in this case (these appellants) of their statutory right to surrender said property to the sheriff and relieve themselves of their liability on said replevy bond.

"That the real defendants in this cause, Krall, Stasney, Frankel, and Marek, are all insolvent. For these reasons they say no judgment should be rendered against them as sureties on said replevy bond; but that if in

the opinion of the court a judgment should nevertheless be rendered against them as such sureties, which they may discharge by causing said property to be surrendered, then they say that said property being already in the custody of this court and subject to its decrees and disposition, they pray that the sheriff of this court may be ordered to hold and sell the same to satisfy the judgment which may be herein rendered, and that he be required to receipt these defendants, sureties on said replevy bond, therefor."

Exceptions to these answers were sustained, and on trial such a judgment was rendered as ought to have been in the first instance, permitting appellants to relieve themselves from further liability by delivering to the sheriff in good condition the property replevied.

The sureties moved to quash the replevy bond on the ground that it was more onerous than the bond prescribed in the statute, in that sequestration was sued out on affidavit that plaintiff "fears the said Frank Stasney, Wm. Frankel, and V. C. Marek will injure the said mortgaged property," while the replevy bond was conditioned that the parties named "will not injure or remove said property out of the county."

No question is raised here as to the power of the court below, under the proceedings had, to vacate its judgment rendered at a former term, but it is contended that it ought not to have done so, and should have required a full adjustment of the rights of all parties in the injunction suit instituted by Kernole.

The purpose of that suit was to restrain the sale of his property under execution issued on the judgment first rendered.

We are of opinion that it was not incumbent on appellee to call into the suit instituted by Kernole all the parties necessary to an adjudication of all rights existing between them and the defendants and the sureties on their replevin bond, and that whatever action was to be taken to correct the judgment entered through mistake was proper in this case, the purpose of which was to correct or set aside the first judgment entered in it. This was a proceeding directly for that purpose.

The statute regulating replevy bonds in sequestration cases seems to contemplate that the negative condition or conditions in the bond shall be only that the defendant will not do the particular act which the affidavit of sequestration states the plaintiff fears the defendant will do.

The affidavit in this case was that the plaintiff feared defendants would injure the property pending the suit, and while the bond is conditioned that defendants will not do this, it is further conditioned that the defendants will not remove the property from the county.

The insertion of this condition would make the bond more onerous than the statute requires if the statute did not require other conditions which show that the makers of the bond can relieve themselves from liability on it for a breach of both of the negative conditions by the performance of

the same act that will relieve them did the bond contain but one of these conditions.

The bond must be conditioned that the defendant "will have such property, with the value of the fruits, hire, or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire, or revenue of the same in case he should be condemned to do so." Rev. Stats., art. 4499.

The judgment to be rendered against the makers of such a bond is "for the value of the property replevied, and the value of the fruits, hire, and revenues thereof, as the case may be." Rev. Stats., art. 4501.

The obligors in such a bond may relieve themselves from so much of the judgment as is for the value of the property by delivering it uninjured to the sheriff within ten days after the rendition of the judgment. Rev. Stats., arts. 4502–4504.

If on breach of the negative condition not to remove the property from the county it be returned and delivered to the sheriff in condition and time prescribed by the statute, this satisfies the breach of this condition as well as the condition that the defendants would not injure the property.

From this it follows that the insertion of the two negative conditions did not impose on the bondsmen an obligation more onerous than would it had only one been inserted.

If the bond had contained a condition which would not be discharged by the same act that would be a compliance with the only negative condition that ought to have been inserted, then it ought to have been quashed and held inoperative; but as we have seen this it did not.

While Cole Brothers would have been proper parties defendant, a state of facts is not shown in which it was necessary to make them parties, nor is it shown that this was in any manner necessary for the protection of the sureties on replevin bond, who alone sought to have them made parties and prosecute this appeal.

Hull, it is conceded, acquired the lien which he is seeking to enforce pending this action, and it certainly was not necessary that he should be made a party under the general rules determining who are necessary parties to a suit to foreclose a mortgage.

It is claimed, however, that he is a necessary party in order that a decree may be entered requiring the sheriff to hold the property, now in his hands under Hull's sequestration, as though delivered by the sureties who prosecute this appeal. This seems to be based on the proposition that the property was in *custodia legis* after replevied by the defendants in this suit, and therefore not subject to seizure under the writ of sequestration sued out by Hull.

The property was seized only for safe keeping, and while in the possession of the officer who seized it was in *custodia legis*, but when it was

replevied such custody ceased, and it was subject to seizure under any other valid writ. Such a seizure, however, could not divest any right of plaintiffs growing out of the mortgage held by them.

The statute gives a defendant the right to return property replevied, but it does not, in terms, confer on sureties the right to have it returned; and in the absence of a law thus providing, or of some contract between principal and surety securing such a right, it is not seen on what ground the latter can claim it.

If the creditor has a lien on the property replevied, as in this case, the sureties, on payment of the debt to the extent of the value of the property, would be entitled to be subrogated to the creditor's rights and might have it sold under process for their reimbursement.

Appellants pleaded no fact that would deny them such relief, and their averments of combination between appellee, their principals, and Hull are not such as to entitle them to any such relief as they seek on any ground recognized as sufficient in courts of equity.

The fact that the sheriff has possession of the property under a writ of sequestration sued out by Hull furnishes no reason why he should not receive it if it be in proper condition, and he be requested by the principals on the bond to do so in proper time, and thus the sureties be relieved from liability for its value.

Whether the sheriff should receive it if tendered would depend on the time of tender and the condition of the property at that time, and of the latter fact the sheriff would be the judge in the first instance.

We find no error in the judgment and it will be affirmed.

*Affirmed.*

Delivered February 10, 1891.