No. 11,444.

People ex rel. Colorado Bar Association *v.* Cary.

Decided December 20, 1926.   Rehearing denied January 31, 1927.

Original proceeding in disbarment.

*Respondent Disbarred.*

1.  Attorney and Client—*Disbarment.* Respondent, found guilty of neg-
lecting legal business, misrepresentations, and appropriating prop-
erty and money of clients, is disbarred.

Mr. William L. Boatright, Attorney General, Mr.
Samuel S. Ginsberg, M. M. Humphreys, for petitioner.

Mr. Samuel E. Cary, pro se.

*En banc.*

Opinion Per Curiam.

As the result of complaints made to the Colorado
Bar Association, its petition to this court, and our refer-
ence of the matter to the Attorney General, the latter filed
an information against respondent for disbarment. Is-
sue having been joined thereon a referee was appointed
to take testimony and report. This he did October 15,
1926, recommending disbarment. Fifteen days later re-
spondent filed his objections to that report and oral argu-
ment was had before the full bench November 15, fol-
lowing.

1. Respondent contends that his rights were preju-
diced by failure of the referee to give proper notice of
hearings. In this the record wholly fails to support him.

2. Respondent says that the referee's findings of fact
are unsupported by the record and his conclusions of
law erroneous.

The referee finds that respondent neglected the business of a client to her injury; misrepresented the status of litigation for another for the purpose of obtaining additional fees, and received and kept such fees without attending to the business for which he was employed; negligently permitted a default to be taken; neglected the business of a client and kept his retainer; permitted a suit to be dismissed for failure to prosecute and retained his fee; neglected to perform his duty in preparing findings of fact and conclusions of law in an action and permitted the case to drift for eighteen months without attention; received from a client, and unjustly refused to return, certain certificates of stock, and appropriated to his own use money paid him for the express purpose of purchasing other stock. Further details are superfluous. All these findings are supported by the overwhelming weight of the evidence. Neither can there be any doubt of the correctness of the referee's conclusion that in the light of such a record the law justifies and demands disbarment. Citation of authorities would needlessly encumber this opinion. We know of none to the contrary. It is sufficient to quote with approval the language of Judge Brewer (thereafter Associate Justice of the Supreme Court of the United States) speaking in the Federal Circuit Court for the District of Colorado in 1889.

"It is the glory of our profession that its fidelity to its client can be depended on;  *  *  *.  I can tolerate a great many things that a lawyer may do—things that in and of themselves may perhaps be criticised or condemned when done in obedience to the interest or supposed interest of his own client, and when he is seeking simply to protect and uphold those interests. If he goes beyond, perhaps, the limits of propriety, I can tolerate and pass that by; but I cannot tolerate for a moment, neither can the profession, neither can the community, any disloyalty on the part of a lawyer to his client. In

all things he must be true to that trust, or, failing it, he must leave the profession." *United States v. Costen,* 38 Fed. 24.

The findings and conclusion of the referee are approved. The name of respondent is stricken from the roll of attorneys of this state and he is forbidden to appear as such in any of its courts.