Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, J.

The offense is possession of intoxicating liquor for the purpose of. sale; the punishment, confinement in the penitentiary for four years.

Officers searched appellant's private residence and found therein approximately one-half gallon of whisky. A witness for the state testified that two or three days before the search he saw appellant sell one George Bland a pint of whisky. Appellant did not testify in his own behalf.

The admissibility of the testimony of the searching officers was challenged on the ground that the affidavit upon which the search warrant was obtained did not show probable cause for the search. The part of the affidavit deemed necessary to the decision of the question is as follows: "Before me, the undersigned authority, on this day personally appeared H. D. Search and G. W. Bland, who, after being by me duly sworn on oath, deposes and says that they have reason to believe and do believe that within a certain house a private residence, located in Cherokee County, Texas, and particularly described as follows: * * * there is located certain property which is being used as a means of violating the intoxicating liquor laws of the State of Texas, being property and implements described as follows, to-wit: intoxicating liquor. That the particular grounds for the aforesaid belief of affiants

are as follows: The affiants named above purchased one pint of liquor or whisky from the said Alonzo Odom, out of the above described building."

The specific objection was that the magistrate was not authorized to issue the warrant for the reason the affidavit did not identify the date or time of the discovery of the unlawful conduct of the accused.

 It does not appear from the affidavit for the search warrant that the act or event upon which probable cause was based occurred within a reasonable time antecedent thereto. Garza v. State (Tex. Cr. App.) 48 S.W.(2d) 625. The affidavit in the present case is similar to that condemned in Garza's Case. Its inadequacy to support the search warrant rendered the evidence obtained through the search illegal and therefore inadmissible by reason of article 727a, C. C. P., as amended by. Acts 41st Leg. (1929), 2nd Called Sess., c. 45, § 1 (Vernon's Ann. C. C. P. art. 727a).

The judgment is reversed, and the cause remanded.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## KARR v. BROOKS et al.
### No. 3833.

Court of Civil Appeals of Texas. Amarillo.

June 1, 1932.

Jno. A. Coffee, of Hereford, for appellant.

W. H. Russell, of Hereford, for appellees.

JACKSON, J.

The appellant, W. F. Karr, instituted this suit in the county court of Deaf Smith county, Tex., on December 24, 1931, against appellee Arthur Brooks and John B. Miller, the sheriff of Deaf Smith county, to enjoin the sale of certain real estate owned by the appellant under a pluries execution issued on a judgment obtained in cause No. 940 in said court by appellee Brooks against the appellant and M. W. Cornett as sureties on the replevy bond of H. E. Sullins, who was the principal in said bond, and the original defendant in said cause, and to have said judgment canceled because, as to appellant, the judgment had been discharged and satisfied.

The appellant alleged that on June 17, 1930, appellee Brooks sued H. E. Sullins in the county court of Deaf Smith county on a note for $280, interest, and attorney's fees, and to foreclose a chattel mortgage lien on certain personal property described in said mortgage to secure the payment of the note; that on the same day appellee had a writ of sequestration issued and levied on one 1½-ton Dodge truck and two Jersey cows; that on June 18th H. E. Sullins filed his replevy bond with appellant and M. W. Cornett as sureties thereon, conditioned that H. E. Sullins would not remove the property out of the county or waste, ill-treat, injure, destroy, sell, or dispose thereof, and that he would have such property, with the value of the fruits, hire, and revenue, forthcoming to abide the decision of the court, or that he would pay the value thereof in case he should be condemned to do so; that the bond was approved and accepted by the sheriff and H. E. Sullins permitted to retain the possession of the property sequestered; that on about December 10, 1930, the appellee Brooks, in cause No. 940, recovered judgment against H. E. Sullins for the sum of $367.41, and a foreclosure of his mortgage lien "on the personal property hereinbefore described and also described in the replevy bond"; that said appellee also recovered judgment in said suit against appellant herein and M. W. Cornett

as sureties on said replevy bond for the sum of $310; that, within the ten days' statutory period after said judgment, H. E. Sullins, on December 13, 1930, tendered the property described in the replevy bond to John B. Miller, the sheriff of Deaf Smith county, and the sheriff accepted said property; that appellant as surety on the replevy bond was obligated by the provisions thereof to have the property forthcoming to abide the judgment of the court; that the property was delivered to and accepted by the sheriff within the statutory period, and after its delivery it was sold under execution and purchased by appellee Brooks; that the terms and conditions of the bond were in all things complied with, and under the statutes the judgment against appellant as surety was satisfied and discharged; that the appellee Brooks, on November 3, 1931, caused a pluries execution to be issued out of said court and placed in the hands of the sheriff, commanding him that out of the goods and chattels, lands and tenements, of appellant, Karr, to make the sum of $311.61, with interest, costs, etc.; that, in compliance with said execution, the sheriff, John B. Miller, proceeded thereunder by making a levy on real estate belonging to the defendant, which is fully described; that he has no adequate remedy at law, and, unless restrained therefrom, the appellee Brooks will have said real estate sold under said pluries execution and irreparably injure and damage him, etc.

On the 24th of December, 1931, a temporary injunction was issued, and on January 6, 1932, at the regular term of the county court, the appellee Brooks excepted to the sufficiency of plaintiff's petition because it failed to allege that all the property sequestered by the plaintiff and replevied by the defendant was tendered to and accepted by John B. Miller, the sheriff, and failed to allege the value of the property so tendered, that it was in an uninjured condition, or that the defendant secured a receipt therefor from the sheriff and filed it with the clerk of the court.

These exceptions were sustained by the court, and, upon the refusal of appellant to amend or proceed with the cause, judgment was rendered dissolving the temporary injunction and dismissing appellant's suit, from which action of the court this appeal is prosecuted.

Appellee's exception that plaintiff failed to allege that all the property was tendered and accepted by the sheriff should not have been sustained, because he does allege affirmatively that the property described in the replevy bond was tendered and accepted. It was not essential that appellant allege H. E. Sullins, the principal of the bond, had obtained from the sheriff a receipt for the property delivered and had filed it with the clerk.

The Supreme Court, in Krall et al. v. Campbell Printing-Press & Mfg. Co., 79 Tex. 556, 15 S. W. 565, 568, in speaking of the delivery

of the property to the officer to relieve the sureties from liability, says: "Whether the sheriff should receive it if tendered would depend on the time of tender and the condition of the property at that time, and of the latter fact the sheriff would be the judge in the first instance."

The appellant alleged the conditions contained in the replevy bond, among which was that H. E. Sullins was not to waste, ill-treat, injure, or destroy the property; that all the conditions contained in the replevy bond which the sureties were obligated to have performed to relieve themselves of liability were in all things complied with; and this allegation was not excepted to as a conclusion. He also pleaded the property covered by the replevy bond was, within the statutory period, tendered to and accepted by the sheriff, and appellant's pleading was not subject to the exception sustained by the court. Under the law it was the duty of the sheriff to refuse to accept the property if tendered in an injured condition, and the presumption is that the officer did his duty.

Cause No. 940 was not a suit under subdivision 2 of article 6840, R. C. S., which authorizes the issuance of a writ where suit is instituted to recover title or possession of personal property, but the writ of sequestration was issued under subdivision 3 of said article, which authorizes a writ of sequestration for the foreclosure of a mortgage or the enforcement of a lien on personal property.

Under the decisions the sureties on a replevy bond given to replevy property sequestered under subdivision 2 assume in some particulars different obligations from sureties on a replevy bond given to sequester property under subdivision 3 of said article. Quig et al. v. Mutual Investment Corporation (Tex. Civ. App.) 40 S.W.(2d) 934; Riggle v. Automobile Finance Co. (Tex. Civ. App.) 276 S. W. 439; Linn Bros. Motor Co. et al. v. Williams et al. (Tex. Civ. App.) 293 S. W. 658.

The judgment is reversed, and the cause remanded.