## LAMB v. ISLEY et al.*
### No. 3255.

Court of Civil Appeals of Texas.
Beaumont.

March 4, 1938.

Rehearing Denied March 16, 1938.

*Rehearing denied 115 S.W.2d 1036.

Clyde F. Winn and Alton V. Grant, both of Longview, for appellant.

Lee & Porter, of Longview, for appellees.

WALKER, Chief Justice.

On the 19th day of December, A. D. 1934, in cause No. 817–B, I. Isley v. J. L. Duncan et al., on the docket of the district court, 124th judicial district of Gregg county, appellee I. Isley recovered judgment against appellant, E. A. Lamb, for the title and possession of a tract of 3.86 acres of land in Gregg county. Isley's action was in trespass to try title, describing the land by metes and bounds. Appellant answered, claiming the same land, but described it by different metes and bounds. The term of court at which the cause was tried expired by operation of law on January 5, 1935. On the 1st day of January, 1935, the judge who presided during the trial of the case, joined by the regular judge of that district, made and entered an order extending that term of court for the purpose of hearing motions for new trial and protecting the rights of the parties. On February 2d, following the entry of that order, the presiding judge entered his order correcting the original judgment in many particulars as it affected certain other parties to the proceedings, but in no way modifying the judgment as it affected the conflicting interests of appellee and appellant. In the trial of that case appellant was represented by Mr. W. Edward Lee, an attorney at law, and his firm, and all of appellant's pleadings were signed by Mr. Lee and his firm as his attorneys. Isley's pleadings were signed, "I. Isley, plaintiff."

On the 20th day of November, 1936, appellant filed his bill of review, amended by bill filed on the 23d of March, 1937, praying that the judgment of date Feb. 2d be set aside, and that he be granted a new trial, and for general and special relief. His grounds for relief against that judgment were: (a) The order extending the term of court to hear motions for new trial and to protect the rights of the parties was void; and (b) the judgment was procured by fraud of his attorney, W. Edward Lee, in conspiracy with Isley. If the order of extension was void, appellant attacked the judgment of December 19, 1934, on the grounds: (a) It was interlocutory and not final, in that it did not dispose of all the parties; and (b) on the same grounds of fraud alleged against the judgment of February 2d. I. Isley, as one of the defendants in this bill of review, was represented by Mr. W. Edward Lee, the same attorney who represented appellant in the trial of cause No. 817–B, wherein the judgments attacked were entered. All defendants named in the bill answered by general demurrers which, on the trial, were sustained, and, appellant refusing to amend, the bill was dismissed. Appellant duly prosecuted his appeal to the Texarkana Court of Civil Appeals; the case is on our docket by order of transfer by the Supreme Court.

The order of extension has support in Gulf, C. & S. F. Railway Co. v. Muse, 109 Tex. 352, 207 S.W. 897, 4 A.L.R. 613, opinion by Mr. Justice Greenwood.

Appellees would sustain the judgment on their general demurrers by the counter proposition of want of necessary parties—that all the parties to the two judgments were not made parties to the bill of review. This proposition is overruled. The interest awarded Isley by the judgments was severable from that of all the other parties to the proceedings, and appellant attacks these judgments only in so far as they awarded an interest in the land to Isley; therefore, he was the only necessary party defendant to the bill of review. In 25 Tex.Jur. 654, it is said: "On the other hand those whose material interests can not be affected are not necessary although they may be proper parties." See, also, Krall v. Mfg. Co., 79 Tex. 556, 15 S.W. 565; De Garcia v. Ry. Co., Tex. Civ.App., 77 S.W. 275.

There is no merit to the second counter proposition that the bill of review was merely a motion for new trial. True, appellant prayed for a new trial, but he also prayed for general and equitable relief. The relief prayed for was sufficient to authorize the court to set aside the two judgments attacked, and to proceed to try

cause No. 817–B, and to enter the proper judgment therein.

Were the acts of fraud pleaded by appellant against his attorney and appellee sufficient to entitle him to equitable relief? We quote as follows from the bill:

"Plaintiff represents that on or about the 8th day of October, 1931, he acquired by purchase an oil and gas lease on the 3.86 acres of land mentioned in the above set out petition, he having purchased the same from R. L. Duncan, J. L. Duncan and I. Isley, the said Duncans conveying such partly as their own property and partly by way of a power of attorney from the said I. Isley; that about 15 days thereafter, the said I. Isley requested plaintiff to go with him to see the attorney of the said I. Isley, said attorney being W. Edward Lee, and that your plaintiff did go with said Isley to see said attorney; that there were at said place at said time the said W. Edward Lee, I. Isley and plaintiff. That at this conference, it was thought best for plaintiff, Lamb, to bring suit against the Duncans and others to clear up the title to said land; but at other meetings thereafter, had by and between the said Isley and the said Lamb and the said Lee, it was decided that instead of Lamb bringing such suit to clear up the title to said 3.86 acres, that it would be best for the said I. Isley to bring said suit against the said Duncans, and also against Lamb, and all other persons claiming an interest therein. That it was then and there agreed and understood by and between each and all of said parties that the said Isley would bring said suit against the said Duncans, and also against the said Lamb, and all others claiming an interest in said property, in order to clear up the title to said land; and it was further agreed and understood that while the said E. A. Lamb would also be made a party defendant in said suit, that the said Isley would not take any judgment on the trial of said cause against the said Lamb, but that said cause of action would be dismissed as against the said Lamb and as against all persons who might be holding under him; that this said agreement was reached, in consideration, among other things, that the said Lamb would pay all the court costs in such case, and also employ counsel to prosecute said suit in behalf of the said I. Isley.

"That in pursuance of said agreement, so made at said time, the said Lamb employed the said W. Edward Lee and H.

A. Leaverton to bring said aforesaid suit; that he paid to the said W. Edward Lee $250.00 in cash, and obligated himself to pay an additional $250.00; and that he assigned to said Leaverton for the use and benefit of the said Leaverton and the said Lee an undivided interest in and to the oil and gas lease on said 3.86 acres, subject to a ⅛th overriding royalty. That thereafter, acting on the advice of I. Isley and of the said W. Edward Lee, who was then and there also the attorney of the said I. Isley, the said Lamb acquired the interests in said tract of land that were thought to be owned by J. R. Bozeman and J. M. and Lucy Haynes, and also acquired oil payments and royalties claimed by the said R. L. Duncan and J. L. Duncan, and also acquired interests in such land claimed to be owned by Al Meadows and R. G. Trippett and Nacogdoches Oil Company, paying for all of such matters and things a consideration in excess of $5,000, in cash; that in addition thereto, the said Lamb paid $10.00 advance court costs at the time of the filing of the suit, and approximately $50.00 court costs at another time, and now owes about $200.00 of plaintiff's court costs in said case now unpaid, and at the trial of said cause spent about $150.00 cash for bearing the expenses of witnesses for plaintiff.

"Plaintiff further represents that he relied upon the said aforesaid agreement made with him by the said I. Isley and W. Edward Lee that they would not take judgment against him upon said trial, but would dismiss said cause as to him, and but for said agreement he would not have consented or agreed to be represented in said case by W. Edward Lee, the attorney of the said Isley.

"Plaintiff further represents that the afore-alleged amended answer and cross-action made by him were written for him by W. Edward Lee, and signed by W. Edward Lee, et al, as his attorneys; that in the same suit, said W. Edward Lee was also acting as attorney for the said I. Isley.

"Plaintiff further represents that on the trial of said cause in the District Court of the 124th Judicial district, Gregg County, Texas, that the said Isley and the said W. Edward Lee did not dismiss said cause of action as to him, the said Lamb, as they had agreed to do, but, on the contrary, and in violation of said aforesaid agreement, they took judgment against him for

the title and possession of said above described lands.

"Plaintiff further represents, after said judgment was so taken against him by the said I. Isley, that he went to the said Isley and the said Lee, complaining about such matter, and that he was told by the said I. Isley that he did not want any judgment against him, Lamb; and was told by the said Lee that said judgment in favor of .the said I. Isley and against the said Lamb would be corrected and dismissed; that, thereafter, the said Lee filed a motion for a new trial on behalf of the said Lamb; but when said motion was argued in said court said Lee insisted to the judge of said court that the said I. Isley have judgment against the said Lamb, and judgment was accordingly given in favor of the said I. Isley against the said Lamb. The said Lee then gave notice of appeal to the Sixth Supreme Judicial District of Texas at Texarkana, Texas.

"Plaintiff further represents that he has and had a meritorious defense to the cause of action plead against him in said suit by the said Isley; and that said Isley had no title whatever in said lands, but only had an oil payment against such, which is personal property; that plaintiff had acquired in said land all the right, title and interest of the said I. Isley, and all the right, title and interest of the said R. L. Duncan and J. L. Duncan, and all the right, title and interest of J. R. Bozeman, and all of the right, title and interest of J. M. Haynes and Lucy Haynes, his wife, and all of the right, title and interest of Al Meadows, R. G. Trippett and Nacogdoches Oil Company, and that plaintiff, Lamb, was then and there the owner of the absolute unqualified fee simple title in and to said 3.86 acres of land, all of which was then and there well known to the said W. Edward Lee, and to the said I. Isley; that upon the trial .of said cause, the said Lee did not introduce in evidence the muniments of title of the said Lamb to the said lands, but introduced only a few of said muniments."

■ The allegations of the bill constitute a clear charge that the judgments against appellant and in favor of Isley were rendered by and through the fraud of Isley and Mr. Lee, appellant's attorney. On the allegations of the bill these judgments took from appellant valuable property rights, acquired on the advice of Mr. Lee and Mr. Isley, and vested these property rights in Isley, who had no claim of title thereto. On the allegations of the bill, Mr. Lee represented not only appellant, but also Isley, wrote Isley's pleadings, protected his interests .during the trial, and gave notice of appeal to the Texarkana Court of Civil Appeals for both appellant and Isley. No citation of authority is necessary to support the conclusion that these allegations of fraud were sufficient to entitle appellant to the relief prayed for.

■ But to state a cause of action it was also necessary for appellant to allege facts showing that the two judgments were not entered against him through his own negligence, and that he was not guilty of negligence by failing to file a motion for a new trial presenting the facts alleged by this bill. Though appellees have not challenged the bill on this ground, the point is fundamental. We think the bill was good as against this proposition. When the first judgment was entered, appellant made complaint to Mr. Lee and Mr. Isley that the agreement between them had not been carried out and was told, quoting from the bill, "by the said I. Isley that he did not want any judgment against him, Lamb; and was told by the said Lee that said judgment in favor of the said I. Isley and against the said Lamb would be corrected and dismissed."

Appellant did not know, by the allegations of his bill, that this agreement was not to be carried out until the day on which final judgment was entered, and the motion for new trial was overruled and notice of appeal given to the Texarkana Court of Civil Appeals. The entry of the final judgment and the notice of appeal concluded that term of the court. There is nothing in the record to suggest that appellant was a lawyer, or knew how to protect his interests. On the alleged facts we are not willing to say that appellant was guilty of negligence, as a matter of law, in not taking action to protect his interests when, at the last moment of the term of court, Mr. Lee announced to the trial judge that he wanted Isley to have ·judgment.

■ We would suggest that Mr. Lee, on the allegations of the bill of review, was disqualified to file the demurrer for appellee; and, on his own motion,. the trial court should have refused to permit him

to appear and present the demurrer. In People v. Gerold, 265 Ill. 448, 107 N.E. 165, 177, Ann.Cas.1916A, 636, the Supreme Court of Illinois said: "The rule has long been firmly established that an attorney cannot represent conflicting interests or undertake to discharge inconsistent duties. When he has once been retained and received the confidence of a client, he cannot enter the service of those whose interests are adverse to that of his client or take employment in matters so closely related to those of his client or former client as in effect to be a part thereof. Weeks on Attorneys, 2d Ed. §§ 120, 271; 1 Thornton on Attorneys, § 174. This rule is a rigid one, designed not alone to prevent the dishonest practitioner from fraudulent conduct, but as well to preclude the honest practitioner from putting himself in a position where he may be required to choose between conflicting duties. He should undertake no adverse employment, no matter how honest may be his motives and intentions. Strong v. International Bldg., etc., Union, 183 Ill. 97, 55 N.E. 675, 47 L.R.A. 792. He owes to his client fidelity, secrecy, diligence, and skill, and cannot take a reward from the other side. He is not, as a general rule, allowed to divulge information and secrets imparted to him by his client or acquired during their professional relation unless authorized to do so by the client himself. Hatch v. Fogerty, 40 How.Prac. (N.Y.) 492. It is the glory of the legal profession that its fidelity to its clients can be depended upon; that a man may safely go to a lawyer and converse with him upon his rights in litigation with absolute assurance that that lawyer's tongue is tied from ever discussing it. U. S. v. Costen (C.C.) 38 F. 24. This rule has been so strictly enforced that it has been held that an attorney, on terminating his employment, cannot thereafter act as counsel against his client in the same general matter, even though while acting for his former client he acquired no knowledge which could operate to the client's disadvantage in the subsequent adverse employment."

Mr. Lee was counsel for appellant in the cause wherein the judgments in issue were rendered. No court should permit him to appear and urge a general demurrer, which concedes the truth of all the allegations of fraud made against him, in support of the judgments rendered against his client through his fraud and the fraud

of the defendant, the beneficiary of the judgments.

Appellant concedes that the general demurrer was correctly sustained in favor of all defendants named by him in his bill, except as to Isley. It follows that the judgment in favor of all appellees except I. Isley is affirmed, and as to I. Isley the judgment should be reversed and the cause remanded for a new trial, and it is so ordered.

Affirmed in part, in part reversed and remanded.

