WILLIAM MYERS v. J. M. CROCKETT.

Where an attorney is employed for a stipulated fee, to prosecute a suit to final judgment, and is afterwards dismissed by his client, without any fault on his own part, he is entitled to recover for the services already rendered; and *quere*, whether he would not be entitled to recover the whole fee stipulated to be paid.

Appeal from Dallas. Action by the appellee against the appelant for $100 for services as an attorney. There was a statement of facts as follows: The counsel in this case failing to agree to a statement of facts, the following is given by the presiding Judge, as the facts proved on the trial: that previous to

the Fall Term, 1852, defendant employed plaintiff, an attorney at law, to prosecute a suit for him to try the title to 320 acres of land, and agreed to give plaintiff one hundred dollars for his services ; that plaintiff gave counsel to the defendant about the matter ; filed a *caveat* in the General Land Office to prevent the issuance of a patent to defendant's adversary ; and filed his petition in the District Court, and continued to prosecute said suit until the Spring of 1853 ; that at that time some difficulty occurred between plaintiff and defendant, and defendant then employed N. M. Buford, an attorney at law, to take charge of his case ; that Buford dismissed the suit, brought by Crockett; erased Crockett's name from the petition ; signed it with his own name ; and re-filed the same petition ; that the petition was well drawn, but was dismissed and re-filed by Buford to get the benefit of a law passed after the institution of the first suit, which law authorized the institution of suits upon the settlement claims of colonists in Peters' Colony.

Vedict and judgment for plaintiff for $89.

*J. M. Crockett*, for appellee.

WHEELER, J.  Whether the discharge of the plaintiff by his client entitled him to recover the full compensation contracted to be paid him for his services in the suit, it is not necessary to determine.  The jury treated the contract as divisible, by giving a verdict for the plaintiff for a less sum, as the amount to which they conceived him entitled for the services performed, for which the Court gave judgment.  The plaintiff has not complained ; and it is very clear the defendant has no cause to complain of the judgment.  There can be no question that the plaintiff was entitled to recover compensation for the services performed. (Baird v. Ratcliff, 10 Tex. R. 81; Ratcliff v. Baird, *supra*.)  And in such a case, where the attorney had entered upon and was proceeding to perform the services contracted for, and the conduct of the case was thus wrested from

Myers v. Crockett.

him by his client, without any fault on his part, there would seem to be much reason in holding, that he was entitled to recover the full amount of the fee contracted to be paid for the services contemplated by the contract. The case differs from the common cases of the contracts of builders, overseers, &c., in which it has been held, in the later decisions, that a readiness to perform, or a tender of performance, is not in all respects equivalent to performance; that, though it is so for the purpose of sustaining an action, it is not so for the purpose of ascertaining the measure of damages. (Dorr v. Stewart, 4 Tex. R. 386; 11 Id. 44; 6 Dana, 352.) The relation of attorney and client is a peculiar and confidential relation. It is incompatible with that relation, for the attorney to accept the employment, or the confidence of both parties. And, after accepting an employment and enjoying the confidence of one of them, though afterwards discharged by his client without cause, the attorney cannot, in general, with propriety, accept an employment by the opposite party in the same case. This consideration would seem to afford a good reason why such contracts should be excepted from the rule to which we have adverted, and the attorney be entitled to recover the full amount of the fee for which he had contracted from his client, who had wrongfully prevented him from performing his contract. But however this may be, it will suffice to dispose of the present case, that the plaintiff was well entitled to at least the amount of compensation recovered; and that no injustice or wrong has been done the defendant. The judgment is affirmed.

Judgment affirmed.