**Mozelle Corley TURNER et vir, Appellants,**

**v.**

**Genevieve J. TURNER et al., Appellees.**

**No. 4107.**

Court of Civil Appeals of Texas.

Waco.

June 20, 1963.

Rehearing Denied July 25, 1963.

Dillingham, Schleider & Lewis, Ben H. Schleider, Jr., W. Harold Sellers, Joseph C. Johnson, Houston, for appellants.

Fred W. Moore, Lew W. Harpold, Yarbrough, Brigman, Talley & Lucas, Fred C. Brigman, J. E. Winfree, Fred Parks, Houston, for appellees.

**McDONALD, Chief Justice.**

This is an alienation of affections suit, in which the plaintiff recovered a judgment for $179,000, based upon a jury verdict.

Plaintiff Genevieve Turner sued Mozelle Corley Turner (joined pro forma by Harry Turner, the former husband of plaintiff), and J. F. (Pat) Corley (former husband of defendant Mozelle Corley Turner), for the alienation of Harry Turner's affections by Mozelle Corley Turner. (The suit was instituted prior to Mozelle Corley Turner's divorce from J. F. (Pat) Corley (hereinafter called Pat Corley), and he was made a defendant. After Mozelle Corley Turner's divorce from Pat Corley, she married Harry Turner, and he was made a pro forma defendant). Plaintiff's suit sought collection of any recovery, out of the separate property of Mozelle Corley Turner, and if same insufficient to discharge any recovery in full, then out of any property which had formerly been community property of Mozelle Corley Turner and Pat Corley.

Plaintiff, Genevieve Turner, alleged (among other things) that defendant, Mozelle Corley (Turner), pretended to be her best friend; knew plaintiff and all members of her family; and that defendant, by the use of her wealth and feminine wiles and blandishments upon Harry Turner (plaintiff's husband), alienated his affections, and as soon as the divorces of the parties involved were accomplished, married Harry Turner within 2 weeks after her divorce.

Defendant denied alienating the affections of plaintiff's husband, and alleged (among other things) that plaintiff's own conduct caused the alienations of her former husband's affections; that the actions and conduct of the former husband, Harry Turner, were responsible for the events which transpired; and further alleged that Pat Corley had induced or aided plaintiff in filing the instant case.

Defendant, Pat Corley, denied that defendant Mozelle Corley Turner had alienated Harry Turner's affections; denied any

participation therein if she had; prayed that any recovery by plaintiff be out of Mozelle Corley Turner's separate property; and prayed for judgment against Mozelle Corley Turner for his reasonable attorney's fees, in the event plaintiff recovered against Mozelle Corley Turner.

Trial was to a jury which, in answer to issues submitted, found:

"1) The alienation of the affections of Harry Turner for his former wife, Genevieve Turner, was brought about and produced through the wrongful acts of Mozelle Corley Turner.

"2) Such wrongful acts were the producing and controlling cause of the alienation of affections of plaintiff's husband, Harry Turner, from her (Genevieve Turner).

"3) $150,000. will fairly and reasonably compensate plaintiff for the pecuniary loss she has sustained by reason of the alienation of the affections of Harry Turner from her.

"4) $29,000. should be recovered by plaintiff as exemplary damages (for punishment of defendant for the wilful, wanton and reckless disregard of the marital rights of plaintiff).

"5) Genevieve Turner, by her own actions and conduct, did not cause the alienation of the affections of Harry Turner, independent of anything Mozelle Corley (Turner) did or did not do.

"6) Pat Corley did not induce plaintiff, Genevieve Turner, to file this suit.

"7) Pat Corley did not aid plaintiff, Genevieve Turner, in prosecution of this suit.

"8) $30,000. is a reasonable attorney's fee for attorney Fred Parks in representing Pat Corley in the instant suit."

The Trial Court overruled defendant's motion for judgment non obstante; entered judgment on the verdict for plaintiff, Genevieve Turner for $179,000. against defendant, Mozelle Corley Turner; decreed that such would be collected out of defendant's separate properties, and that no execution would levy on properties of Pat Corley (which were former community property of Pat Corley and Mozelle Corley Turner), until the separate properties of defendant, Mozelle Corley Turner, were exhausted; and entered judgment for Pat Corley against Mozelle Corley Turner for $30,000. as reasonable attorney's fees.

Defendant, Mozelle Corley Turner, appeals on 44 points, which we have consolidated into 7 contentions.

Plaintiff, Genevieve Turner, and Harry Turner were married in 1938. Mozelle and Pat Corley were married in 1941. The Turners had 2 children; the Corleys had 4 children. The 2 couples became good friends, travelled in the same social circle, and took several trips together. In 1957 and 1958 Harry Turner acted as architect on a $350,000. home the Corleys built, and was frequently in the home consulting Mrs. Mozelle Corley with reference to the construction and furnishings. In January, 1959, Harry Turner and Mrs. Mozelle Corley embraced in the bedroom of the Corley home, and during 1959 saw a great deal of one another. On December 29, 1959 Harry Turner told his wife, Genevieve Turner, he was in love with Mozelle Corley. On 30 December, 1959 Mozelle Corley admitted a relationship with Harry Turner, to her husband, Pat Corley. The Turners were divorced on August 2, 1960. The Corleys were divorced on March 27, 1961. Harry Turner and Mozelle Corley were married on April 6, 1961. The alienation of affections suit was originally filed on June 6, 1960.

■ Defendant's 1st contention is that the judgment entered by the Trial Court is not a final judgment, in that it did not dispose of all issues raised by the pleadings and the evidence. Defendant contends that the Trial Court's judgment did not dispose of defendant Mozelle Corley Turner's request for judgment over against Pat Corley

for any sum recovered against her. We think the judgment clearly disposes of all issues made by the pleadings and evidence. Pat Corley was given judgment against Mozelle Corley Turner. By necessary implication, Mozelle Corley Turner recovers nothing against Pat Corley. There can be no question but that the judgment herein is a final judgment. Southern Pac. Co. v. Ulmer, (Tex.Com.App.) 286 S.W. 193; Trammell v. Rosen, 106 Tex. 132, 157 S.W. 1161; Bennett v. Copeland, 149 Tex. 474, 235 S.W.2d 605; Laros v. Hartman, 152 Tex. 518, 260 S.W.2d 592.

■ Defendant's 2nd contention is that Fred Parks was disqualified from acting as attorney for defendant, Pat Corley. Plaintiff filed her alienation of affections suit on June 6, 1960 prior to the actual divorce of defendant, Mozelle Corley Turner and Pat Corley, and sought recovery from both defendants. Pat Corley employed attorney Parks to represent him and his wife in such suit. Attorney Parks filed a general denial on behalf of the Corleys, and talked with both Mr. and Mrs. Corley several times. Mozelle Corley filed suit for divorce against Pat Corley on August 10, 1960, and such divorce was granted on April 6, 1961. On September 1, 1960, after Mozelle filed for divorce, she notified Fred Parks she was substituting Ben Schleider as her counsel in the alienation of affections suit. Pat Corley was still a defendant in the alienation of affections suit. He was entitled to an attorney. Mr. Parks had been in his employ since early 1960 to represent him. Mozelle Corley's divorce from Pat Corley, and substitution of attorneys representing her did not disqualify Mr. Parks from *continuing* to represent Mr. Corley. Pat Corley's position was that Mozelle was not guilty. There could be no conflict of interest between Mozelle Corley Turner and Pat Corley, until plaintiff established liability, and sought to satisfy her judgment. The question of indemnity between the defendants is collateral to the main issue, and presents purely a question of law. Retail Credit Co. v. Hyman, CCA W/E refused, 316 S.W.2d 769.

■ Defendant's 3rd contention is that the Trial Court erred in denying her 6 peremptory challenges in the selection of the jury. The Trial Court allowed defendants a total of 6 peremptory challenges; 3 each to Mozelle Corley Turner and Pat Corley, in the selection of the jury. There were no issues of fact between the defendants; only the question of indemnity, which is a question of law. In such instance the 2 defendants were only entitled to 6 peremptory challenges between them. Retail Credit Co. v. Hyman, CCA, Er.Ref., 316 S.W.2d 769. Moreover, defendant does not show material injury by showing that an objectionable jury sat on the case. A judgment will not be reversed for a trial court's error in allowing peremptory challenges unless the complaining party show material injury by the court's action. He must show that an objectionable juror sat on the case as a result of the court's action. Gussett v. Nueces County, Tex.Com.App., 235 S.W. 857; Ralston v. Toomey, CCA (n. r. e.) 246 S.W.2d 308.

Defendant's 4th contention complains of the time allocated for argument by the trial court, and of alleged inflammatory argument by attorney Fred Parks.

■ The Trial Court allocated 3¼ hours of argument to plaintiff; followed by 2 hours for defendant, Mozelle Corley Turner; followed by 1 hour for defendant, Pat Corley; followed by ¼ hour of rebuttal by plaintiff; followed by ¼ hour for rebuttal on the reasonableness of attorney's fees for Pat Corley. We cannot say the Trial Court abused its discretion in so fixing the time of argument. Aultman v. Dallas Ry. & Term. Co., 152 Tex. 509, 260 S.W.2d 596.

■ The argument of attorney Parks was not objected to. While it is too lengthy to set out here, we cannot say that it was so prejudicial that it could not have been

corrected by retraction or instruction from the court. Wade v. Texas Emp. Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197.

Defendant's 5th contention is that there is no evidence or insufficient evidence to support the verdict of the jury; and that the damages awarded are shockingly excessive; and that defendant was entitled to judgment non obstante.

▇▇▇ The record reflects that the Turners and Corleys had been friends for many years. The Corleys were people of wealth, worth some 3 million dollars. In *1958* Harry Turner presented his wife (plaintiff herein) with flowers on their 19th wedding anniversary. The card read "Thank you for 19 years of love and happiness. I hope we have at least 100 more. All my love, Harry." Harry Turner was an architect making between $15,000. and $20,000. per year; and was architect on the Corley's $350,000. home. He consulted almost daily with defendant during part of 1958 and 1959. He observed her situation; great wealth; and womanly charms. Early in 1959 they embraced in the bedroom of the Corley home; continued to meet throughout 1959; and in December 1959 advised their respective spouses they were in love with each other. Shortly thereafter, the Turners and Corleys got divorces and Harry Turner and Mozelle Corley married. At Christmas in 1959 defendant Mozelle Corley sent plaintiff a dozen roses for Christmas telling her "every rose says I love you." Four days later she told her husband she had a relationship with plaintiff's husband. We think the evidence ample to sustain the findings, and that same are not against the great weight and preponderence of the evidence. While the award of $179,000. damages is great, the financial condition of the parties is likewise great. The jury fixed the reasonable value of Fred Parks' services as attorney's fee for Pat Corley at $30,000. In view of the amount of the suit; the work spent in preparation, and the record as a whole, such is not excessive, or against the great weight

of the evidence. The record reflects that defendant Mozelle Corley Turner's attorney, plead for $125,000. attorney's fees in connection with her divorce case.

▇▇▇ Defendant's 6th contention complains of misconduct on the part of the jury. Defendant contends that the jury arrived at their verdict by the quotient method. While the jury did add figures and divide by the number of jurors, there is no showing that the jurors agreed in advance to be bound by the results, and in fact the results were not the result of the quotient obtained. The asserted jury misconduct with reference to attorney's fees of Joe Ed Winfree (one of plaintiff's attorney's), if error, was invited by defendant's questioning Attorney Winfree about his contingent fee in the case.

▇▇▇ Defendant's 7th contention is that Pat Corley is not entitled to recover judgment for his attorney's fees against Mozelle Corley Turner. Pat Corley was made a party defendant to this suit, although he himself had committed no tort. The wrongful acts alleged by plaintiff were committed by Mozelle Corley Turner. Any recovery by plaintiff, could have been satisfied out of the community funds of Pat Corley and defendant, Mozelle Corley Turner. Pat Corley prayed for indemnity over against Mozelle Corley Turner. Pat Corley was entitled to indemnity over against Mozelle Corley Turner for any judgment which might have been rendered against his interest in the former community estate of himself and his former wife. While a right of indemnity generally arises by contract, express or implied, it also exists whenever the relation between the parties is such that either in law or in equity, there is an obligation on one party to indemnify the other, as where one person is exposed to liability by the wrongful act of another, in which he does not join. Gammage v. Weinberg, CCA, (n. r. e.), 355 S.W.2d 788. This is exactly the situation in the case at bar. Pat Corley is entitled to indemnity from Mozelle Cor-

**680**

ley Turner, because he in no way participated in the alienation of affections, which gave rise to this suit. Being enititled to indemnity, Pat Corley is entitled to a reasonable attorney's fee which has been incurred in resisting the claim indemnified against. Rothschild Company v. Moore, CCA, Er. Refused, 166 S.W.2d 744; Gammage v. Weinberg, CCA, (n. r. e.) 355 S.W.2d 788.

All defendant's points and contentions have been considered and are overruled. We think the case, although a lengthy and difficult one to have been fairly and adequately tried.

The judgment of the trial court is affirmed.