Mozelle Corley TURNER et vir, Petitioners,

v.

Genevieve J. TURNER et al., Respondents.

No. A–9803.

Supreme Court of Texas.

Nov. 25, 1964.

Rehearing Denied Jan. 13, 1965.

Dillingham, Schleider & Lewis, Charles Dillingham, Ben H. Schleider, Jr., John E. Lewis, Earl O. Latimer II, John S. Brunson and W. Harold Sellers, Houston, for petitioners.

Fred W. Moore and Lew W. Harpold, Fred C. Brigman, Jr. and Brigman, Martin & Smith, Houston, for respondent Genevieve J. Turner.

Fred Parks and Ruby Sondock, Houston, for respondent J. F. Corley.

GRIFFIN, Justice.

This is an alienation of affections suit brought in a district court of Harris County, Texas, by respondent Genevieve J. Turner, against Mozelle Corley and husband, Pat Corley, as defendants. The original petition was filed June 6, 1960.

The cause was tried to a jury in May, 1962, and on the answer of the jury to special issues, the trial court entered judgment in favor of Genevieve Turner against Mozelle Corley Turner for $150,000.00 actual damages, plus $29,000.00 exemplary damages and in favor of respondent Pat Corley against his former wife, Mozelle Corley Turner, for $30,000.00 as attorney's fees. Petitioner appealed to the Court of Civil Appeals, which affirmed the trial court's judgment. 369 S.W.2d 675.

Mozelle and Pat Corley had been married some eighteen years when they permanently separated December 30, 1959. Genevieve J. Turner and Harry A. Turner were married in 1938 and were divorced August 2, 1960. The Corleys were divorced March 27, 1961. Mozelle Corley and Harry Turner married April 7, 1961.

Until the filing of the alienation of affections suit in June, 1960, or a few months prior thereto, the Turners and Corleys were very close friends. They took trips together and spent a great deal of time together.

The Court of Civil Appeals has set out in its opinion a full statement of the facts of this unfortunate litigation between former friends and we will not restate the facts.

Mozelle Corley Turner and her present husband, Harry Turner, as petitioners herein, complain of the action of the trial court—affirmed by the Court of Civil Appeals—in awarding to Pat Corley a judgment for $30,000.00 as reasonable attorney's fees, because it is contended this suit is not one in which attorney's fees may be awarded to Pat Corley.

Pat Corley answers that in view of the jury findings that he did not induce the plaintiff to file this suit, and that he did not aid the plaintiff in the prosecution of the suit, he is an innocent party to the suit and is entitled to be indemnified by Mozelle, the active defendant. Therefore, he is entitled to recover his attorney's fees.

We sustain the assignment of the petitioner, Mozelle Corley Turner, that she cannot be charged with attorney's fees in this suit.

■ The alienation of the affections of Harry A. Turner, caused by the conduct of Mozelle Corley Turner, is a tort against plaintiff Genevieve J. Turner. Pat Corley is not individually liable for the torts of his wife not aided and abetted by him. The community estate of Mozelle and Pat Corley would be liable. Art. 4613, Vernon's Ann. Civ.St.

■ Pat Corley had no right of action against Mozelle Corley Turner for her wrongful conduct against him, resulting in the alienation of the affections of Harry A. Turner from the plaintiff.

■ That the husband cannot sue his wife for damages resulting from the torts of his wife committed against him was settled by the case of Nickerson and Matson v. Nickerson, 65 Tex. 281, 1886. It is true that this was a case where the wife was seeking recovery against the husband for a tort committed by the husband and a third party against the wife. Nickerson and his wife had been divorced after the commission of the tort, but prior to the trial of the wife's suit. The court said:

"The tort inflicted upon the wife by the husband and another, gave no right of action to the wife against the husband."

Again:

"Whatever cause of action the wife had, accrued when the acts of which she complains were committed; and the fact of divorce subsequently granted, can not make that a cause of action which was not so at the time the facts transpired."

The Nickerson case has been followed by many cases, and an examination of Shepard's Texas Citations discloses that the rules of law laid down as quoted above have never been questioned. See also Gowin v. Gowin, Tex.Civ.App., 264 S.W. 529, 1924, affirmed Tex.Com.App., 292 S.W. 211, 1927; Latiolais v. Latiolais, 361 S.W.2d 252, 253, Tex.Civ.App.1962, writ ref., n. r. e.; 30 Tex.Jur.2d, p. 234, § 145.

■ The general rule of law in this state is that, unless provided for by statute or by contract between the parties, attorney's fees incurred by a party to litigation are not recoverable against his adversary either in an action in tort or by suit upon a contract. Van Zandt v. Ft. Worth Press, 359 S.W.2d 893, 896(5), Tex.Sup.1962; Perry v. Leuttich, 132 Tex. 159, 121 S.W.2d 332, 333 (2–4), 1938; Wm. Cameron & Co. v. American Surety Co. of New York, 55 S.W.2d 1032, 1035(3), Tex.Com.App., 1932; Sherrick v. Wyland, 14 Tex.Civ.App. 299, 37 S.W. 345, 1896.

All parties to this litigation agree that there is no legislative enactment permitting recovery of attorney's fees in cases of this character.

■ Mozelle Corley Turner claims that the property settlement agreement between her and Pat Corley in the divorce suit prevents any recovery by Pat against her of his attorney's fees. Pat answers that this is not a correct construction of such settlement agreement and a résumé of the terms of the agreement, relied on herein, is that (1) each party to the agreement shall be liable for his respective attorney's fees, (2) that any obligation incurred by either

party after February 1, 1961, would be the separate obligation of the party incurring the same. Pat claims that if he is forced to have his share of the community property applied to the payment of this judgment by virtue of the separation agreement, he should be indemnified by Mozelle. He claims that having the right to indemnity from Mozelle, this right should include the right to his attorney's fees for defending Genevieve Turner's suit against him for damages by virtue of the alienation of Harry Turner's affections. The settlement agreement between Mozelle and Pat Corley specifically provided, "Any liability for the alienation of affections suit now pending against First Party and Second Party is expressly not assumed by either of the parties hereto, and the satisfaction of any judgment which might be incurred by reason thereof shall be left open and unaffected by this property settlement agreement."

By virtue of this provision, we hold the separation agreement has no application to our problem herein, and does not afford any basis for recovery or denial of attorney's fees.

Pat Corley cites some cases where attorney's fees have been allowed in suits for indemnity. These cases are not in point here. None of them involve suits between husband and wife, or a former husband and wife for wrongs arising during the existence of the marriage relationship. Also, these cited cases are suits upon indemnity bonds or suits by one joint tortfeasor to collect indemnity because of the payment of a joint judgment against the parties to these suits. Pat Corley and Mozelle Corley were not joint tort-feasors in this cause, and it was so stipulated by the parties to this suit.

■ Pat Corley could not recover against Mozelle Corley for her tort, therefore he cannot claim indemnity from Mozelle for the expenses incurred by him in defending Genevieve J. Turner's suit against both parties.

Pat Corley quotes from Sec. 914, Vol. 4, Restatement of the Law: Torts, as follows:

"A person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person is entitled to recover compensation for the reasonably necessary loss of time, attorney's fees and other expenditures thereby suffered or incurred."

The comment under this Sec. 914 refers to Restatement of Restitution, Sections 86–102, for the rule applicable to cases such as the one we have here. Under Sec. 96 of Restitution it is stated that, "The restatement of this subject does not deal with rights dependent upon special relationships, such as husband and wife and parent and child * * *."

There is a very exhaustive annotation in 45 A.L.R.2d 1184 et seq. as to recovery of attorney's fees which a plaintiff is obligated to pay in a litigation of his claim.

It is there stated that the general rule is that such attorney's fees are not recoverable in the absence of some statutory or contract provision permitting their recovery, but that there are exceptions and modifications to this general rule. One exception is that where a plaintiff has been involved in litigation with a third party as a result of the tortious act of another, plaintiff may recover in a separate suit for his reasonable and necessary expenses of the prior litigation. In order that such recovery may be had there are certain requisites prescribed, the first of which is that the present plaintiff (Pat Corley in his cross-action) must have incurred attorney's fees in the prosecution or the defense of a prior action. Another, the litigation must have involved a third party and not against the defendant (Mozelle Corley) in the present action. These requisites are not met by the cross-action of Pat Corley against Mozelle for his attorney's fees.

This annotation discusses Sec. 914 of Restatement of the Law: Torts, relied upon by Pat Corley and it is shown such section does not cover our case.

That part of the judgment of both courts below which permits recovery by Pat Corley from Mozelle Corley Turner of any attorney's fees is reversed and Pat Corley shall recover no attorney's fees herein.

We now come to the contention of Mozelle Corley Turner that the trial court committed error in not sustaining her motion to enjoin Pat Corley's attorney, Fred Parks, Esquire, from appearing as counsel in this case because he was disqualified by virtue of having in the beginning of the litigation represented Pat and Mozelle Corley.

As to any harm resulting to Mozelle by virtue of Mr. Parks representing Pat in this litigation, we have given Mozelle relief in our reversal and rendition of Pat's judgment for attorney's fees. This relief was all the relief she sought against Pat.

Mozelle seeks to reverse Genevieve's judgment against her for the alienation of Harry Turner's affections on several points of error, one of which is based on the disqualification of Mr. Parks to represent Pat. Mozelle claims that Mr. Parks brought out in his questions to her confidential information which he had gained by virtue of having been her attorney at the beginning of the litigation.

In this litigation Genevieve was plaintiff, and as such sued both Mozelle and Pat. They were co-defendants. Mr. Parks never was the attorney of Genevieve, and Genevieve in no way relied on Mr. Parks as her attorney. At all times she had her own counsel to represent her.

A short résumé of this litigation and the pleadings filed therein will be helpful in disposing of the question of Mr. Parks' disqualification as it affects Genevieve's judgment against Mozelle.

Pat Corley and his then wife, Mozelle, permanently separated December 30, 1959. Efforts were made by mutual friends to effect a reconciliation, but these efforts were unsuccessful.

In January of 1960, plaintiff herein, Genevieve J. Turner, then married to Harry A. Turner, wrote a letter to Pat Corley demanding damages from Pat and Mozelle by virtue of Mozelle's actions and conduct having alienated the affections of Harry A. Turner. Upon receipt of the letter, Pat Corley employed Fred Parks, Esq., an attorney at the Houston, Texas bar, to represent both him and his then wife, Mozelle, in this suit. No settlement was reached of Genevieve's claim for damages and she filed this suit against Pat and Mozelle, June 3, 1960. In her original petition she alleged that the acts and conduct of Mozelle had alienated the affections of her husband, Harry A. Turner, and had resulted in a breaking up of Genevieve's home and the filing of a divorce action between Genevieve and Harry. In this suit Genevieve sought recovery of actual and exemplary damages against Mozelle, but sought recovery against Pat only to the extent of the community estate of Pat and Mozelle. To this suit attorney Parks filed an answer on behalf of both Pat and Mozelle.

No reconciliation having been effected between Pat and Mozelle, Mozelle employed her present counsel to file a divorce suit between her and Pat. This divorce suit was filed about September 1, 1960. September 16, 1960, Mozelle notified Pat and attorney Parks and the court that she had discharged Parks as her attorney effective September 1, 1960, and had employed her present counsel to represent her interests in both the divorce suit and the alienation of affections suit.

Genevieve and Harry were divorced August 2, 1960. Thereafter, Genevieve on October 25, 1960, filed her first amended petition herein, and again limited her prayer for recovery against Pat, as she had done in her original petition.

A demand that this cause be tried by a jury was made and the cause placed on the jury docket. In Harris County, Texas, there is a time lag of from fifteen months to two years between the placing of the case on the jury docket and it reaching a trial.

In the meantime, depositions of all parties were taken, various motions were made by all parties, hearings were had on various preliminary matters, etc. etc.

November 8, 1961, Mozelle filed her second amended answer and for the first time filed a cross-action against Genevieve and Pat, alleging they had conspired to bring this suit, and asked for recovery of damages against both Pat and Genevieve, jointly and severally, resulting from the conspiracy. Also, in this answer, showing the conspiracy, Mozelle made allegations that Pat's counsel was antagonistic, acted adversely to her, hindered her in her proper defense, and that actions on the part of Pat's counsel showed the existence of the conspiracy between Genevieve and Pat, but filed no motion to disqualify attorney Parks.

December 4, 1961, Pat Corley represented by attorney Parks, filed an answer to Mozelle's cross-action against him, seeking only his costs and general relief.

Various pleadings were filed by all parties and December 29, 1961, Mozelle for the first time by her cross-action against Pat, asked for indemnity against Pat to the extent of any judgment which Genevieve might recover against her, or in the alternative for contribution by Pat of one-half of such judgment. She continued her charge of conspiracy.

January 5, 1962, the trial court set the case for trial before a jury March 12, 1962.

March 1, 1962, Mozelle filed a motion for continuance of the trial of the case until May, 1962. March 20, 1962, Mozelle recast her pleadings and again plead a conspiracy between Pat and his counsel and

Genevieve, and asked for recovery against Pat as theretofore plead.

March 21, 1962, the trial court continued the case and made a preferential setting for trial on May 21, 1962.

April 14, 1962, Pat filed his second amended answer to both Genevieve's suit and Mozelle's suit, and by cross-action asked for indemnity against Mozelle for any sums he might be required to pay out of the part of the community estate of him and Mozelle which was set aside to him in the property settlement between them which was approved in the judgment divorcing Pat and Mozelle on March 27, 1961.

April 16, 1962, Mozelle filed her fourth amended original answer in which, among other things, she alleged collusion between Pat and Genevieve to bring this alienation of affections suit and asked for relief against Pat for any judgment Genevieve might recover against her.

April 23, 1962, Mozelle for the first time filed a motion to disqualify Pat's attorney, Parks, on the ground of his having represented her in 1960. The trial court set this motion for hearing on May 2, 1962, and after a lengthy hearing, overruled Mozelle's motion to disqualify attorney Parks.

May 12, 1962, Mozelle filed her fifth amended answer in substance the same as her fourth amended answer and again alleged collusion between Pat and Genevieve and sought recovery against Pat.

May 18, 1962, Pat filed his third amended answer to Genevieve's and Mozelle's suits against him and asked for indemnity or in the alternative contribution against Mozelle for any amounts he might be forced to pay Genevieve. He also asked for costs and for $35,000.00 as a recoverable attorney's fee.

May 21, 1962, on the call of the case for trial Mozelle renewed her motion for disqualification of Pat's counsel, attorney Parks, and the court overruled the same. The case then proceeded to trial, with the results set out in the first part of this opinion.

■ We recognize the rule that an attorney, after accepting employment and enjoying the confidence of one client, though afterwards discharged by his client without cause, cannot in general, with propriety, accept an employment by the opposite party in the same case. Myers v. Crockett, 14 Tex. 257 (1855, no writ history); Crye v. O'Neal & Allday, 135 S.W. 253 (Tex. Civ.App., 1911, no writ history); Lamb v. Isley, 114 S.W.2d 673 (Tex.Civ.App., 1938, no writ history).

■ Without deciding the question of Mr. Parks' disqualification to represent Pat Corley in this suit and its effect on Genevieve's judgment, we hold that Mozelle, by her failure to timely file a motion to disqualify Mr. Parks and by securing a continuance of the cause prior to filing a motion to disqualify Mr. Parks, has waived any complaint she may have had on this ground.

Mozelle cites certain instances in which she claims that Pat's attorney, in his cross-examination of her, developed very damaging testimony. We have carefully examined the statement of facts, and find no objections lodged by Mozelle to the questions and answers on the ground of Mr. Parks' disqualification or that the answers would divulge confidential information obtained by Mr. Parks when he was representing Mozelle and Pat.

Also, we find that such questions by Mr. Parks did not elicit any information or evidence not placed in the record by either Genevieve's or Mozelle's attorneys. Mozelle cannot be heard to complain of the cross-examination under such circumstances.

There is nothing in the record to support a reversal of Genevieve's judgment against Mozelle on the ground that the court failed to disqualify Mr. Parks to represent Pat.

Mozelle cites the cases as Barreda Corp. v. Ballenger, 116 S.W.2d 442, Tex.Civ.App., 1938, writ dismissed; Cochran v. Cochran, 333 S.W.2d 635, Tex.Civ.App.1960, writ refused n. r. e.; Lamb v. Isley, 114 S.W.2d 673, Tex.Civ.App., 1938, no writ history; Bryant v. Lewis et al., 27 S.W.2d 604, Tex.Civ.App., 1930, writ dismissed; and certain canons of the State Bar Act, as authority for the reversal of Genevieve's judgment. In none of these cases was a third party involved. In each of these cases, the attorney sought to be disqualified from representing one of the parties had theretofore been the attorney representing the party moving for the disqualification, but who now represented his present client in a suit against a former client.

None of these cases are in point on Mozelle's attempt to reverse Genevieve's judgment against her on her allegations that Mr. Parks was disqualified to represent Pat.

We therefore overrule this point of error urged by Mozelle.

Mozelle makes complaint of attorney Parks' argument in the submission of the cause. Mozelle made no objection to the argument at the time it was made.

The argument was clearly of the type that any harm it may have done could have been corrected by timely objection and request for instructions by the court and the giving of such instructions to the jury to disregard such argument. We must presume that the trial judge, on proper objection being made, had he considered the argument unfair or vicious would have sustained objections and given appropriate instructions to the jury to disregard the same.

Argument which could be properly cured by objection by opposing counsel and instruction by the trial judge is not reversible error in the absence of such objection. Unless the argument is incurable, a litigant will not be permitted to lie in

wait, taking a chance on a favorable verdict, and, being disappointed, complain for the first time of improper argument in a motion for new trial. See Wade v. Texas Emp. Ins. Ass'n, 150 Tex. 557, 244 S.W.2d 197 (1951). See also Younger Bros. Inc. v. Myers, 159 Tex. 585, 324 S.W.2d 546 (3, 4) (1959); Texas Emp. Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W.2d 856(1).

Petitioner Mozelle Corley assigns error to the admission of certain testimony given by deposition and on the stand, by the late Col. Joe Ed Winfree.

Parts of Col. Winfree's deposition were introduced by counsel for Mozelle. Objections were made by Genevieve's counsel to the deposition. After Mozelle's counsel had finished with her offer, attorney Parks offered certain other parts of the deposition.

On an objection that the answers to certain questions were hearsay, the trial court sustained the objection and instructed the jury:

"Ladies and Gentlemen of the jury, you will not consider as evidence in this case anything that Mr. Winfree said in this deposition about his knowledge about what somebody else did."

At the end of offer by all parties of Col. Winfree's deposition, and just prior to the time he was called to the stand by Mozelle's counsel, the court again instructed the jury:

"Ladies and Gentlemen of the jury, in this deposition of Mr. Winfree you all were permitted to hear what he was told about, what Mrs. Corley had told Mr. Corley and what Mrs. Turner had told Mr. Turner, and what Mr. Corley had told Mrs. Corley and what Mr. Turner had told Mrs. Turner.

"Now, you will not consider the statements, you will not consider Mr. Winfree's recitations of what he was told on that hearsay testimony as proof of the truth of these conversations be-

tween Mr. and Mrs. Corley and Mr. and Mrs. Turner."

Mozelle makes no complaint of any testimony given by Col. Winfree in person in open court.

As to the complaints of what Col. Winfree testified in his deposition that he told the parties to this suit as to his conclusions about their conduct, we have examined the five large volumes of the statement of facts, and find that the various parties in their testimony gave similar testimony without objection.

 Looking at the record as a whole, we do not find such error in admitting Col. Winfree's deposition testimony as to hearsay and the Colonel's conclusions as amounted to such a denial of the right of the petitioner as was reasonably calculated to cause and that probably did cause the rendition of an improper judgment in the case.

We therefore overrule this assignment of error.

 Mozelle also seeks to reverse Genevieve's judgment against her on the ground that the trial court refused to grant six peremptory challenges to Mozelle rather than only six to both Pat and Mozelle.

The suit against Mozelle brought by Genevieve also included Pat as a defendant, but the recovery sought against Pat was limited to his part of the community property which had belonged to Pat and Mozelle. Recovery was first sought against Mozelle and if any deficit remained, then, and only then, was recovery sought against Pat's interest in the community. As far as the plaintiff Genevieve was concerned, there was a common ground of liability against both defendants and the issues between plaintiff and each defendant were the same. The fact that the two defendants might have actions against the other as to the extent of their own liability would not entitle each to six peremptory challenges as

against plaintiff's cause of action. Hargrave v. Vaughn, 82 Tex. 347, 18 S.W. 695 (1891); Wolf v. Perryman, 82 Tex. 112, 17 S.W. 772 (1891); Retail Credit Co. v. Hyman, 316 S.W.2d 769(1–4), Tex.Civ. App.1958, writ refused.

The trial court offered to permit Mozelle and her attorney to be with Pat and his counsel while both parties were making their challenges to the jury. Pat and his counsel agreed to this procedure, but Mozelle and her counsel would not agree.

Mozelle argues that there was jury misconduct requiring a reversal of Genevieve's judgment. Upon the hearing of the motion for new trial, it developed that the alleged misconduct complained of had been promptly corrected by the foreman of the jury immediately upon its happening, and no further mention was made of the matters. Also, the evidence sustained the trial court's finding that the jury did not arrive at their answers to the amount of damages by means of a quotient verdict.

 Mozelle complains that the trial court erred in permitting evidence to be introduced as to her wealth. Mozelle had pleaded the property settlement between her and Pat. This showed that Mozelle was a wealthy woman. All parties, including Mozelle, testified, without objection, as to her wealth. Also, Genevieve, as a part of her cause of action, had pleaded that Mozelle had used her greater wealth as a means of alienating Harry's affections. This being true, no error is shown. Cramer v. Cramer, 106 Wash. 681, 180 P. 915 (1919); Baltzly v. Gruenig, 127 Neb. 520, 256 N.W. 4 (1934); 27 Am.Jur. 167; 42 C.J.S. Husband and Wife § 688, p. 341, and authorities cited in each text.

Mozelle urges error in the action of the trial court and Court of Civil Appeals in holding that the two-year statute, and alternatively the four-year statute of limitations did not bar this action. The separation of Genevieve and Harry Turner oc-

curred December 30, 1959, when Harry for the first time told Genevieve that he no longer loved her, but loved Mozelle and wanted a divorce so he could marry Mozelle. This suit was filed in June, 1960.

The period of limitation begins to run from the time of the loss of consortium and not from the time that Harry Turner felt a lessening of his affection for Genevieve. 27 Am.Jur. p. 140; Smith v. Smith, 225 S.W.2d 1001(5–12), Tex.Civ.App., no writ history. See also, Collier v. Perry, 149 S.W.2d 292, Tex.Civ.App., dismissed correct judgment; 173 A.L.R. 776 et seq. and authorities there cited.

Mozelle has assignments as to certain paragraphs of the court's charge. We have carefully examined the charge, and do not find it subject to the objections urged. These assignments are overruled.

Mozelle claims the judgment entered is not a final judgment, because it does not in so many words dispose of her cross-action against Pat. The judgment sets out a recovery for Pat of his attorney's fees against Mozelle, and also specifically denies Mozelle's motion for judgment non obstante veredicto. In this motion Mozelle had requested judgment over against Pat, and a denial of this relief effectively disposes of this issue. This assignment· is overruled.

The judgment of the Court of Civil Appeals in so far as it allows Pat to recover an attorney's fee from Mozelle is reversed and judgment here rendered that Pat take nothing against Mozelle as to this item.

In all other respects the judgment of the Court of Civil Appeals is affirmed.

SMITH, Justice (dissenting).

I disagree with the holding that Pat Corley is not entitled to a recovery of his attorney's fees as against Mozelle Corley Turner.