GREAT AMERICAN INSURANCE
COMPANY, Appellant,

v.

Lydia B. CANTU, Appellee.

No. 14738.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 5, 1969.

Rehearing Denied March 5, 1969.

Wiley & Plumb, Dayton G. Wiley, Jerry A. Gibson, San Antonio, for appellant.

Tinsman & Cunningham, Eugene P. Toscano, San Antonio, for appellee.

BARROW, Chief Justice.

This is an appeal from a judgment rendered on a jury verdict whereby appellee recovered maximum benefits for total and permanent incapacity plus medical expenses in the amount of $3,979.22 on a Texas Workmen's Compensation policy issued by appellant to Visiting Nurse Association.

Appellant urges five points of error. One complains of improper argument by appellee in repeatedly referring to appellant as a "fringe company." The other four points complain of the trial court's action in refusing to admit evidence from a doctor or from the hospital records that appellee was treated in June, 1960, for the after effects of a criminal abortion done by a midwife.

Appellee sued to recover for a back injury allegedly sustained in a fall on March 2, 1967, in the scope of her employment when she tripped near the front porch of a patient's home while making a call. There were no witnesses to said fall, however, the injury was reported to her supervisor the following day and the supervisor timely reported the injury to appellant. Appellant denied that appellee sustained an accidental injury in the scope of her employment, al-

though there is little dispute in the testimony that appellee had sustained, at least, a swollen ankle as a result of said fall. There is substantial evidence from several doctors that at the time of the trial appellee was suffering from a ruptured intervertebral disc in her back and had not worked after March 28, 1967. Appellant produced a qualified doctor who testified that she did not have a ruptured disc when he examined her on March 29, 1967, and he expressed the opinion that she was suffering from a congenital back condition with symptoms similar to that of a disc injury. Furthermore, appellant vigorously urged that appellee's condition was the result of a back injury she admittedly sustained in 1960 while lifting a patient at the State Hospital. These affirmative defenses were submitted and rejected by the jury. Appellant does not contend that the record does not support the jury findings of total and permanent incapacity, but urges by this appeal that the case was closely contested and that the improper argument and/or erroneous exclusion of evidence tipped the scales in appellee's favor.

Four times during appellee's opening argument, appellant was referred to, without objection, as a "fringe company." Appellee's opening argument is set forth in 27 pages of a bill of exception, and the statements complained of occurred on pages 3, 7, 16 and 18 thereof.[1] Although by definition and customary use, the word "fringe" carries no prejudicial connotation, appellee admittedly was trying to convey the impression that appellant insurance company was not representative of other insurance companies. This was occasioned by appellee's apparent outrage because appellant had not paid any compensation benefits, any medical expenses, although she spent many days in the hospital with substantial expense and, in fact, appellant had not even paid for medical reports it had requested.

There was evidence that other companies customarily paid for reports and therefore appellee was entitled to discuss in her argument the failure of appellant to pay for such reports. There was no evidence of how other companies handled their claims and such issue was not relevant to the questions to be resolved by the jury. Furthermore, appellee improperly suggested to the jury that a lump sum settlement should be made before the appellant went broke.

Appellant did not object, on any of the four occasions, that it was referred to by such appellation. In Turner v. Turner, 385 S.W.2d 230 (Tex.Sup.1965), the rule regarding waiver of improper argument by failure to object was stated as follows: "Argument which could be properly cured by objection by opposing counsel and instruction by the trial judge is not reversible error in the absence of such objection. Unless the argument is incurable, a litigant will not be permitted to lie in wait, taking a chance on a favorable verdict, and, being disappointed, complaint for the first time of improper argument in a motion for new trial." In our opinion, prompt objection and instruction here would have effectively cured any harm in the first use of this term, and it is certainly reasonable to assume that it would have prevented future reference to same by appellee.

1. (1) "It is unfortunate that we have fringe companies such as this one. A company, which gives itself the name of Great American Insurance Company, to come in here and in effect give the whole industry a black eye, which is not true."
   (2) "The fringe company who say, 'Oh, Mrs. Cantu, you can't get anything because the doctors put down a different date in there, and that March 2nd date is just something that she made up.'"
   (3) "We say that this insurance company owes these bills, and they should be made to pay them, they should have paid them long ago. If they weren't a fringe outfit they would have."
   (4) "Should the insurance company get to keep the money they owe her, and with a fringe company like this, who knows what may happen, or should they have to pay it now?"

We conclude from an examination of the entire record that the degree of prejudice flowing from this argument was not reasonably calculated to cause such prejudice to appellant that a withdrawal by counsel or an instruction by the court, or both, could not eliminate the probability that it resulted in an improper verdict. Any error in same was therefore harmless. Texas Sand Co. v. Shield, 381 S.W.2d 48 (Tex.Sup.1964); Texas Employers' Ins. Ass'n v. Haywood, 153 Tex. 242, 266 S.W. 2d 856 (1954).

Appellant's other points relate to the exclusion of evidence that a dilation and curettage performed on appellee in June, 1960, followed a criminal abortion done by a midwife. Full testimony was heard as to her physical ailments, including back pain at such time by testimony from the doctor who treated her and also the hospital records were introduced. On the latter, the words "criminal abortion" were deleted from the record and the doctor was instructed, outside the presence of the jury, not to refer to her miscarriage as a "criminal abortion."

We see no relevancy whatsoever to this excluded evidence. Appellee referred to same as a miscarriage in her testimony, but since it did not relate to her disability or the injury of March 2, 1967, any impeachment would be on a purely collateral issue and improper. McCormick & Ray, Texas Law of Evidence, § 683. Particularly is this so since she testified on cross-examination that she did not know the difference between a miscarriage and an abortion. Because of the complaints of back pain at said time, appellant was properly permitted to inquire fully as to her physical condition. There was no error, however, in excluding evidence that the dilation and curettage were required by a criminal abortion.

Reversible error has not been shown by appellant's assignments of error. The judgment is affirmed.